**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**21ST CENTURY ELECTRICAL CONTRACTORS, INC.,**
a Florida corporation,

Plaintiff,

vs.

**AMERICAN CONTRACTORS INDEMNITY COMPANY,**
a California corporation,

Defendant.

CASE NO.

**COMPLAINT**

Plaintiff, 21ST CENTURY ELECTRICAL CONTRACTORS, INC. ("21st Century"), by its counsel, sues Defendant, AMERICAN CONTRACTORS INDEMNITY COMPANY ("American Contractors"), to enforce a transferred lien; and in support thereof states:

**GENERAL ALLEGATIONS**

**The Parties**

1. This is a proceeding brought by a subcontractor to enforce a transferred lien, which lien was transferred to a surety bond issued by Defendant pursuant to Fla. Stat. § 713.24.

2. 21st Century Electrical Contractors, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business in Pompano Beach, Florida. 21st Century provides, among other things, electrical labor and materials for construction projects.

3. American Contractors is a California corporation, with its principal place of business in Los Angeles, California. Among other things, American Contractors acts as a surety for the payment of bonds of construction projects.

**Jurisdiction & Venue**

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) insofar as this is an action between citizens of different states having an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

5. American Contractors is subject to the specific jurisdiction of this Court pursuant to Fla. Stat. § 48.193(1)(a) by virtue of issuing a Lien Transfer Bond for payment of a claim of lien on a construction project located within the State of Florida.

6. Alternatively, American Contractors is subject to the general jurisdiction of this Court pursuant to Fla. Stat. § 48.193(2) because American Contractors: (1) was engaged in substantial and not isolated activity within the State of Florida, and (2) designated a registered agent in the State of Florida. The affiliations of American Contractors with Florida are so continuous and systematic as to render it essentially at home in Florida.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to 21st Century's claims occurred in this judicial district.

8. Pursuant to S.D. Fla. Local Rule 3.1 and IOP 2.01.01, this action is appropriately tried in the Fort Lauderdale Division, as Broward County is the county of origin for this action. Particularly, and as set forth below, sums were due and owing to Plaintiff, but not paid, in this county.

**COUNT I**
**(Enforcement of Transferred Lien for Electrical Work Performed on LA Fitness, and Claim Against Payment Bond Posted by Defendant in Excess of $75,000)**

9. 21st Century realleges Paragraphs 1 through 8 as if fully set forth herein.

10. This is a proceeding to enforce a transferred lien, arising out of electrical work that 21st Century performed on the LA Fitness located at 8300/8310 Bird Road, Miami, FL 33155 ("LA Fitness").

11. On or about April 17, 2014, McCorkle Construction Company ("General Contractor") recorded a Notice of Commencement that improvements will be made upon the LA Fitness (the "LA Fitness Project"), pursuant to a contract (the "Prime Contract") with Fitness International, LLC ("the "Owner").

12. The General Contractor and 21st Century subsequently entered into a Subcontract Agreement (the "Subcontract"), whereby 21st Century agreed to provide labor and materials for electrical work required under the Prime Contract for the LA Fitness Project.

13. On or about July 29, 2014, 21st Century commenced work on the LA Fitness Project.

14. On or about August 8, 2014, 21st Century served the Owner with a "Notice to Owner," which stated in part that, under an order given by the General Contractor, 21st Century furnished electrical materials and labor for the improvement of the LA Fitness. The Notice to Owner also explained that if the job is bonded under any form of bond, then 21st Century will look to such bond for protection and payment.

15. From July 29, 2014, through August 28, 2015, 21st Century furnished labor, services, and materials for the electrical work ordered by the General Contractor under the Subcontract, which improvements were incorporated into the LA Fitness Project.

16. 21st Century's labor and materials were approved and accepted by the Owner and the General Contractor, at the LA Fitness Project.

17. 21st Century was not paid the balance due and owing to it under the Subcontract for the electrical work it performed at the LA Fitness.

18. On or about September 11, 2015, 21st Century recorded a Claim of Lien for non-payment for unpaid electrical materials and labor it furnished on the LA Fitness.

19. Contemporaneously with the Claim of Lien, 21st Century served the Owner and the General Contractor with a letter informing them that, due to the failure to pay the balance due for the electrical work performed at the LA Fitness, 21st Century had no choice but to file a lien against the LA Fitness to preserve 21st Century's lien rights.

20. On or about September 21, 2015, the General Contractor, as principal, and American Contractors Indemnity Company, as surety, entered into a Lien Transfer Bond (the "Transfer Bond"), whereby American Contractors bound itself to 21st Century for the payment of $88,989.44.

21. On or about September 25, 2015, the General Contractor and American Contractors filed the Transfer Bond with the Clerk of Court, who thereupon made and recorded a Clerk's Certificate showing the transfer of 21st Century's Claim of Lien to the Transfer Bond.

22. Due to the transfer of 21st Century's Claim of Lien to the $88,989.44 Transfer Bond, American Contractors is liable as surety to 21st Century for amounts in excess of $75,000,

representing amounts due and owing under the Claim of Lien, plus reasonable attorneys' fees incurred in successfully prosecuting this action, for trial and appeal, or for arbitration, pursuant to Section 713.29, Florida Statutes.

23. 21st Century has timely filed this action within one year after recording its Claim of Lien.

24. All conditions precedent to bringing this action have occurred, have been maintained, or have been waived.

25. 21st Century has retained Greenberg Traurig, P.A. to prosecute this action and has agreed to pay reasonable attorneys' fees based upon an hourly rate.

**WHEREFORE** Plaintiff, 21st Century Electrical Contractors, Inc., demands judgment in its favor and against Defendant, American Contractors Indemnity Company, and an award of the following:

a) Damages in excess of $75,000.00, including reasonable attorneys' fees incurred in successfully prosecuting this action, for trial and appeal, or for arbitration, pursuant to Section 713.29, Florida Statutes;

b) Prejudgment interest and costs; and

c) Such other and further relief that this Court deems just and proper.

**JURY DEMAND**

21st Century Electrical Contractors, Inc. demands a jury trial on all issues so triable.

DATED this 14th day of January, 2016.

Respectfully Submitted,

*/s/ William R. Clayton*
WILLIAM R. CLAYTON
Florida Bar No. 0485977
Greenberg Traurig, P.A.
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, FL 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
*Counsel for Plaintiff, 21st Century Electrical Contractors, Inc.*