UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-60087-CIV-GAYLES

**21ST CENTURY ELECTRICAL
CONTRACTORS, INC.**,

    Plaintiff,

v.

**AMERICAN CONTRACTORS
INDEMNITY COMPANY**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Partial Summary Judgment ("Motion") [ECF No. 20]. The Court has carefully considered the parties' submissions, the record, and applicable law. For the reasons set forth below, the Motion is granted in part and denied in part.

### I. BACKGROUND

In 2014, Plaintiff 21st Century Electrical Contractors, Inc. ("Plaintiff") entered into a subcontract to perform electrical work at an LA Fitness location in Miami. [ECF No. 20]. It performed that work from July 2014 to June 2015. On September 11, 2015, Plaintiff recorded a Claim of Lien in the official records of Miami-Dade County to secure payment of the debt owed to it by the owner of the LA Fitness, Fitness International LLC. Florida construction lien law allows "any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed" to transfer the lien to a surety bond, thereby clearing title to the real property previously subject to the lien. Fla. Stat. Ann. § 713.24(1)(b). On

September 25, 2015, pursuant to that provision of Florida law, McCorkle Construction Company, the general contractor on the project, transferred Plaintiff's Claim of Lien to a Lien Transfer Bond in the amount of $88,989.44 with Defendant American Contractors Indemnity Company ("Defendant") as surety. On January 14, 2016, Plaintiff filed this action to enforce its lien rights under § 713.24. In response, Defendant asserted nine affirmative defenses.

Plaintiff now moves for summary judgment on Defendant's Second ("Failure to Perform Conditions Precedent"), Third ("Claims Against McCorkle Construction Company Based on 21st Century's Work"), Fifth ("Breach of Implied Duty of Good Faith and Fair Dealing"), Sixth ("Failure to Mitigate Damages"), and Seventh ("Reservation of Right to Amend for McCorkle Construction Company Claims") Affirmative Defenses. Plaintiff argues that it is entitled to judgment as a matter of law on these affirmative defenses because the defenses "rely on contractual conditions precedent to payment under the Subcontract, which are not among the elements necessary to perfect and enforce a statutory lien." [ECF No. 20].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.

Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e) (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)) (alteration in original). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## III. DISCUSSION

Under Florida law, a subcontractor who "complies with [statutory requirements] has a lien on the real property improved for any money that is owed to him or her for labor, services, or materials furnished in accordance with his or her contract and with the direct contract and for any unpaid finance charges due under the lienor's contract." Fla. Stat. Ann. § 713.06(1). As the Florida courts have recognized, subcontractors who have substantially performed on a contract may enforce a statutory construction lien. *Langley v. Knowles*, 958 So. 2d 1149, 1151 (Fla. 5th DCA 2007) ("The substantial performance doctrine recognizes that a contractor who complies with all of the provisions of the contractor's lien statute is entitled to enforce a lien if he has substantially, but not completely, performed his contractual obligations."). "Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full

contract price subject to the promisor's right to recover whatever damages may have been occasioned him by the promisee's failure to render full performance." *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971).

Plaintiff argues that because Defendant's Second, Third, Fifth, and Sixth Affirmative Defenses "each rely solely on contractual conditions precedent to payment under the Subcontract," they are not "legally sufficient, or even applicable, affirmative defenses against Plaintiff's action to enforce its statutory lien rights—for which Plaintiff need only show compliance with the Construction Lien Law and substantial performance."[1] [ECF No. 20]. This argument is without merit. While Defendant's Second, Third, Fifth, and Sixth Affirmative Defenses pertain to contractual conditions precedent, they also pertain to the question of substantial performance under the Subcontract and to the amount Plaintiff is owed. "An affirmative defense is a defense which admits the cause of action, but avoids liability, *in whole or in part*, by alleging an excuse, justification, or other matter negating or limiting liability." *St. Paul Mercury Ins. Co. v. Coucher*, 837 So. 2d 483, 487 (Fla. 5th DCA 2002) (emphasis added).

In defense of its position, Plaintiff misapplies *Casa Linda Tile & Marble Installers, Inc. v. Highlands Place*, 642 So. 2d 766 (Fla. 4th DCA 1994), arguing that the case compels the conclusion that defenses grounded in contract law are not valid affirmative defenses to a statutory action to enforce a construction lien. *Casa Linda* clearly states that a court may not rely *solely* on contract principles to defeat a statutory construction lien claim, and must consider whether the party seeking to enforce a lien substantially completed performance. *Id.* at 767.

---

[1] Regarding Defendant's Seventh Affirmative Defense, Plaintiff argues that "[i]t does not actually state an affirmative defense, but an intention to state unnamed affirmative defenses upon the occurrence of future events" and "is therefore not a valid affirmative defense at all." [ECF No. 20]. Defendant concedes that the issue is now moot. The Court agrees and shall grant Plaintiff's Motion as to Defendant's Seventh Affirmative Defense.

4

("The trial court's judgment fails to address an essential question on the mechanic's lien claim: whether or not the job was substantially completed. This was not an oversight, as the trial court resolved the claim strictly on breach of contract principles . . . ."). *Casa Linda* stands for the proposition that courts must consider whether there was substantial performance; it does not compel courts to ignore contract principles in that essential determination. Furthermore, Plaintiff's narrow, formalistic reading of pertinent affirmative defenses to the two elements of the statutory construction lien cause of action could result in overcompensation to the Plaintiff for the work performed under the Subcontract. The Court rejects this contrived reading of the law.

The Court finds that Defendant may proceed on its Second, Third, Fifth, and Sixth Affirmative Defenses, as there remain genuine questions of material fact as to whether Plaintiff substantially performed under the Subcontract and is, therefore, entitled to the full amount of relief from Defendant under the transferred lien. Defendant should have the opportunity to demonstrate at trial whether there was substantial performance and whether the amounts being sought by the Plaintiff under its construction lien are consistent with what Plaintiff is legally entitled to recover. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment **[ECF No. 20]** is **GRANTED IN PART AND DENIED IN PART**. The Motion is DENIED as to Defendant's Second, Third, Fifth, and Sixth Affirmative Defenses. The Motion is GRANTED as to Defendant's Seventh Affirmative Defense. It is further

**ORDERED AND ADJUDGED** that this case is **SET** for **Status Conference** on **Wednesday, October 11, 2017 at 9:30 AM** in Miami Division.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:	Magistrate Judge Turnoff
	All Counsel of Record